# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

ZIA H. SHAIKH,

    Plaintiff,

        v.

SETH AKRUSH, et al.,

    Defendants.

Civil Action No. 19-20597 (RK) (DEA)

**MEMORANDUM OPINION**

**KIRSCH, District Judge**

    **THIS MATTER** comes before the Court for screening of Plaintiff Zia H. Shaikh's ("Plaintiff") complaint pursuant to 28 U.S.C. § 1915(e). (ECF No. 1.) The Court previously granted Plaintiff's application to proceed *in forma pauperis* but ordered that the summons not issue pending the Court's *sua sponte* screening of the Complaint. (ECF No. 5.) For the reasons set forth below, the Complaint is dismissed with prejudice.

## I.    BACKGROUND

    This suit is one of many Plaintiff has filed in the wake of his contentious 2013 divorce. (*See* Complaint ("Compl.") ¶¶ 17–18, ECF No. 1.) The Court does not recount Plaintiff's divorce-related litigation history, which is treated in depth in this Court's Opinion dismissing Plaintiff's 2022 federal complaint (the "2022 Matter") with prejudice. *See* Opinion, *Shaikh v. Germadnig*, No. 22-2053 (D.N.J. Jul. 13, 2023), ECF No. 273 at 3–17. The Complaint in the pending matter involves the same underlying incidents and several of the same defendants as the 2022 Matter and an earlier dismissed 2015 case (the "2015 Matter"). *See generally* Am. Compl., *Shaikh v. Germadnig*, No. 22-2053 (D.N.J. Mar. 6, 2023), ECF No. 154; Compl., *Shaikh v. Jackson Twp.*, No. 15-4106 (D.N.J. June 17, 2015), ECF No. 1.

The Complaint now pending before the Court names as Defendants: Plaintiff's ex-wife Laura Germadnig ("Germadnig"); Seth Arkush ("Arkush"), a licensed social worker,[1] and his behavioral health practice, Integrated Care Concepts and Consultation, LLC ("ICC&C"); and various Ocean County, New Jersey entities (the "Ocean County Defendants"). (Compl. ¶¶ 2–10, 162.)[2]

Plaintiff alleges that Germadnig repeatedly lied to the family court, refused to comply with court orders, and was responsible for a conspiracy to extract money from Plaintiff through the divorce proceedings and alienate Plaintiff from his children. (*Id.* ¶¶ 120–25.) These allegations mirror those against Plaintiff's ex-wife contained in prior dismissed federal complaints.[3]

Plaintiff's allegations against Arkush and his practice center on a single opinion letter that Arkush, while serving as Plaintiff's children's therapist, gave to Germadnig's attorney on June 10, 2015 (the "June 2015 Letter"). (Compl. ¶¶ 50–92.) The letter offered negative opinions about Plaintiff and advised that any contact between Plaintiff and his children be supervised. (*Id.* ¶ 41.) The attorney shared the letter with the family court. (*Id.* ¶¶ 31, 43–44.) Plaintiff concludes that the June 2015 Letter resulted in numerous adverse state court decisions against Plaintiff beginning in January 2014 (over one year prior to Arkush writing the letter), including decisions relating to custody, support, and visitation. (*Id.* ¶¶ 45–49, 53, 71.) Arkush subsequently entered a consent order with New Jersey's Board of Social Work Examiners, in which Arkush agreed that he

---

[1] The case caption in this matter refers to this Defendant as "Seth Akrush." However, the Complaint consistently spells Defendant's last name "Arkush" throughout. (*See generally* Compl.) The Court therefore refers to Defendant as "Arkush" in this Memorandum Opinion.

[2] The Ocean County Defendants are Ocean County, the Ocean County Freeholders, Ocean County Administrator Carl Block, the Ocean County Sheriff, the Ocean County Sheriff's Department, and John Doe Ocean County Sheriff's Officers.

[3] *See* Complaint, *Shaikh v. Jackson Twp.*, No. 15-4106 (D.N.J. June 17, 2015), ECF No. 1 ¶¶ 24–29, 53, 71–74; Am. Compl., *Shaikh v. Germadnig* (D.N.J. Mar. 6, 2023), ECF No. 154 ¶¶ 99–112, 136, 143, 150–51.

"improperly provided an opinion on parenting time when he was serving as a treating therapist, constituting [an improper] dual relationship." (*Id.* ¶ 68.) Arkush was fined $500 and required to undergo training. (*Id.*)

Plaintiff names the Ocean County Defendants in his suit based on their involvement in "arrest[ing] and imprison[ing] Plaintiff for a civil, commercial child support/spousal support debt." (*Id.* ¶ 93.) Plaintiff alleges that there was no probable cause to arrest him and that "[s]ince the entire [state family court] matter is a civil matter, Probable Cause to arrest and imprison can never exist in a civil matter." (*Id.* ¶ 95–96.) Plaintiff concludes that his arrest constituted a constitutional violation for which the Ocean County Defendants are strictly liable. (*Id.* ¶¶ 93–119.)

The Court granted Plaintiff's application to proceed *in forma pauperis* ("IFP") in this suit on July 2, 2020 and ordered that the Complaint be filed but deferred decision on screening the Complaint pursuant to 28 U.S.C. § 1915. (ECF No. 5.) While that decision was pending, Plaintiff initiated the 2022 Matter regarding the same underlying events and divorce proceeding, both matters were subsequently transferred to the Undersigned, and this Court dismissed the 2022 Matter with prejudice. *See* Opinion, *Shaikh v. Germadnig*, No. 22-2053 (D.N.J. Jul. 13, 2023), ECF No. 273. The Court now *sua sponte* reviews the Complaint to determine whether any allegations in the case at bar are different enough from those contained in the 2022 Matter to avoid that dismissal's preclusive effect.

## II.   <u>LEGAL STANDARD</u>

Under 28 U.S.C. § 1915, a plaintiff may proceed *in forma pauperis*, which allows the plaintiff to bring a civil suit without paying a filing fee. After granting a plaintiff IFP status, the Court must "determine[] whether the Complaint should be dismissed as frivolous or for failure to state a claim upon which relief may be granted, as required by 28 U.S.C. § 1915(e)." *Archie v.*

*Mercer Cnty. Courthouse,* No. 23-3553, 2023 WL 5207833, at *2 (D.N.J. Aug. 14, 2023) (citing *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013)); *see also* 28 U.S.C. § 1915(e)(2)(B) (the court may dismiss any claims that are "(1) . . . frivolous or malicious; (2) fail[] to state a claim upon which relief may be granted; or (3) seek[] monetary relief from a defendant immune from such relief"). A court must be mindful to hold a *pro se* plaintiff's complaint to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

## III.   DISCUSSION

On *sua sponte* review of the Complaint pursuant to 28 U.S.C. § 1915, the Court will dismiss Plaintiff's claims against Germadnig, Arkush, ICC&C, and the Ocean County Defendants with prejudice.[4]

The doctrine of *res judicata* precludes Plaintiff from pursuing claims against Germadnig, Arkush, and ICC&C. *Res judicata*, or claim preclusion, bars a party from pursuing a second suit against the same adversary based on the same cause of action. *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008). "A party seeking to invoke res judicata must establish three elements: (1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies, and (3) a subsequent suit based on the same cause of action." *McLaughlin v. Bd. of Trs. of Nat'l Elevator Indust. Health Benefit Plan*, 686 F. App'x 118, 121 (3d Cir. 2017) (citing *Mullarkey*, 536 F.3d at 225). Whether a "cause of action" is the same is determined based on "the essential similarity of the underlying events giving rise to the various legal claims." *Id.* at 123–24 (quoting *CoreStates Bank, N.A. v. Huls Am., Inc.*, 176 F.3d 187, 194 (3d Cir. 1999)). A final judgment may have *res*

---

[4] As will be explained below, where courts find claims barred on *res judicata* grounds, dismissal with prejudice is appropriate. *See Russomanno v. Dugan*, No. 20-12336, 2021 WL 1748135, at *6 (D.N.J. May 4, 2021) ("Because Plaintiff's claims are barred under the doctrine of *res judicata* I find that any further amendment would be futile and dismiss Plaintiff's Complaint with prejudice." (citations omitted)), *aff'd*, No. 21-2004, 2021 WL 4075790 (3d Cir. Sept. 8, 2021).

*judicata* preclusive effect against in an earlier-filed case, so long as the later-filed case received a final decision on the merits first. *See Murphy v. Landsburg*, 490 F.2d 319, 323 (3d Cir. 1973) (citation omitted).

Plaintiff's claims against his ex-wife are identical to those he litigated in previous federal actions. Plaintiff's allegations in the instant Complaint center on Germadnig's actions in litigating the parties' divorce and Plaintiff's perceptions that Germadnig intentionally alienated Plaintiff from his children. (Compl. ¶¶ 18–19, 39, 44, 47, 120–125.) Identical complaints comprise Plaintiff's allegations against Germadnig in the 2015 Matter and 2022 Matter. *See* Compl., *Shaikh v. Jackson Twp.*, No. 15-4106 (D.N.J. June 17, 2015), ECF No. 1 ¶¶ 24–29, 53, 71–74; Am. Compl., *Shaikh v. Germadnig*, No. 22-2053 (D.N.J. Mar. 6, 2023), ECF No. 154 ¶¶ 99–112, 136, 143, 150–51. In both previous matters, final judgment was rendered on Plaintiff's claims against Germadnig. *See* Order, *Shaikh v. Jackson Twp.*, No. 15-4106 (D.N.J. Nov. 15, 2016), ECF No. 141 (granting Germadnig's motion for judgment on the pleadings); Opinion, *Shaikh v. Germadnig*, No. 22-2053 (D.N.J. Jul. 13, 2023), ECF No. 273 at 54–55 (dismissing Plaintiff's claims against Germadnig with prejudice).[5]

Plaintiff's claims against Arkush and ICC&C are likewise precluded by this Court's prior decision. Plaintiff's claim against Arkush centers on Arkush's June 2015 Letter to Germadnig's attorney. (Compl. ¶¶ 50–92.) Although the pleading in the 2022 Matter is less detailed, the underlying allegation is identical. *See* Am. Compl., *Shaikh v. Germadnig*, No. 22-2053 (D.N.J. Mar. 6, 2023), ECF No. 154 ¶¶ 11, 59, 147. The Court considered these claims and dismissed them with prejudice. Opinion, *Shaikh v. Germadnig*, No. 22-2053 (D.N.J. Jul. 13, 2023), ECF No. 273

---

[5] Plaintiff's appeal of this Court's decision in *Shaikh v. Germadnig* is currently pending before the Third Circuit Court of Appeals. (Case No. 23-2301.) However, the pending appeal does not alter the preclusive effect of the Court's "final judgment." *See Ross v. Meyer*, 741 F. App'x 56, 60 (3d Cir. 2018) (citing *United States v. 5 Unlabeled Boxes*, 572 F.3d 169, 175 (3d Cir. 2009)).

at 14, 56–57. Although ICC&C was not named in the 2022 Matter, Plaintiff's allegations against ICC&C stem solely from his claims against Arkush. (*See generally* Compl.) Indeed, the Complaint cites Plaintiff's previous cases filed against Arkush based on the June 2015 Letter. (Compl. ¶ 119 ("Plaintiff has been involved in federal suits on other grounds, that have been as a result of Arkush's fraudulent, malicious letter opinion.").)[6]

Plaintiff's Complaint against the Ocean County Defendants likewise must be dismissed. Plaintiff's claims against the Ocean County Defendants turn on his arrest and detention as a result of his failure to comply with orders issued during the state divorce proceeding. (*See* Compl. ¶¶ 93–119.) As the Third Circuit wrote in a case involving one plaintiff's claims against county officials involved in "collection activities taken against him for unpaid child support":

> [Plaintiff's] attempts to equate civil contempt and resulting arrest and incarceration with being charged with a "civil crime" and being subjected to "debtor's prison" have no basis in any relevant law. Additionally, his claims that the County's policies permitting civil contempt pending payment of child support are unconstitutional "as applied" and "on their face," have no basis in fact or law. As the District Court found, civil confinement pursuant to a civil contempt order is a valid method of assuring compliance with judgments.

*Tauro v. Allegheny Cnty.*, 371 F. App'x 345, 348 (3d Cir. 2010) (citing *Chadwick v. Janecka*, 312 F.3d 597, 613 (3d Cir. 2002)). Plaintiff's invocation of constitutional principles does not

---

[6] Furthermore, the Complaint is impermissibly conclusory against Arkush and ICC&C. Plaintiff offers no explanation of how this single letter—submitted as one filing in the midst of a heavily litigated, contentious divorce—led to the parade of adverse court decisions he complains of. Moreover, it is unexplained how a letter written in June 2015 could be responsible for adverse court decisions issued up to one-and-a-half years *prior* to the letter's submission. Finally, the Complaint only alleges that Arkush supplied his one-page letter opinion to Germadnig's attorney, without any allegation that Arkush supplied the letter, or even knew that the letter would be supplied, to the family court.

establish how the Ocean County Defendants' enforcement of a civil contempt order creates a viable cause of action.[7]

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's Complaint is **DISMISSED** with prejudice. An appropriate Order will accompany this Opinion.

ROBERT KIRSCH
UNITED STATES DISTRICT JUDGE

Dated: January 10, 2023

---

[7] Although the Court need not consider, other legal principles also bar the relief Plaintiff seeks here. *See Parness v. Christie*, 751 F. App'x 277, 280–81 (3d Cir. 2018) (affirming *sua sponte* dismissal pursuant to 28 U.S.C. 1915(e) where plaintiff was arrested for civil contempt after failing to pay court-ordered child support because the claim essentially sought to undo state court judgments against plaintiff and the court therefore lacked subject matter jurisdiction under the *Rooker-Feldman* doctrine); *Addlespurger v. Corbett*, 461 F. App'x 82, 85–86 (3d Cir. 2012) (holding that a county sheriff was entitled to quasi-judicial immunity from plaintiff's civil rights claim based in carrying out facially valid court orders entered against plaintiff in child custody and contempt proceedings).