UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ZIA H. SHAIKH,

Plaintiff,

v.

SETH AKRUSH, *et al.*,

Defendants.

Civil Action No. 19-20597 (RK) (JTQ)

**MEMORANDUM ORDER**

**KIRSCH, District Judge**

**THIS MATTER** comes before the Court upon *pro se* Plaintiff Zia H. Shaikh's ("Plaintiff") September 14, 2024 Motion for Reconsideration and to Reopen the Case ("Motion," ECF No. 25), seeking (i) reconsideration of the Court's dismissal of his Complaint ("Compl.," ECF No. 1) with prejudice pursuant to 28 U.S.C. § 1915(e) ("Opinion," ECF No. 22; "Order," ECF No. 23), and (ii) to have this case reopened and reassigned to a different judge. The Court has considered Plaintiff's submission, and for the reasons explained below, the Motion is **DENIED**.

**I.    BACKGROUND**

This Motion is yet another attempt by Plaintiff to obtain relief in connection with his contentious 2013 divorce. (*See* Compl. ¶¶ 17–18.) In multiple judicial cases and opinions, it has been made clear that Plaintiff is not entitled to relief stemming from his dissatisfaction with the results of his divorce of more than a decade ago. A detailed history of Plaintiff's numerous cases before this Court can be found within the Opinion at issue. (*See* ECF No. 22.) The instant Complaint was filed against Plaintiff's ex-wife Laura Germadnig ("Germadnig"); Seth Arkush ("Arkush"), a licensed social worker, and his behavioral health practice, Integrated Care Concepts and Consultation, LLC ("ICC&C"); and various Ocean County, New Jersey entities (the "Ocean

County Defendants"). (Compl. ¶¶ 2–10, 162.) The Complaint involves the same underlying incidents and several of the same defendants as a 2022 federal action previously dismissed with prejudice by this Court (the "2022 Matter") (*see Shaikh v. Germadnig*, No. 22-2053 (D.N.J.)), and an earlier-dismissed 2015 case (the "2015 Matter") (*see Shaikh v. Jackson Twp.*, No. 15-4106 (D.N.J.)). On June 6, 2024, the Third Circuit affirmed this Court's dismissal of the 2022 Matter, finding, among other things, "no evidence of bias or prejudice" by this Court and that "the District Court thoroughly examined Shaikh's allegations and accurately described the causes of action presented and their elements." *Shaikh v. Germadnig*, No. 23-2301, 2024 WL 2861845, at *2–3 (3d Cir. June 6, 2024).

On January 10, 2024, after screening the instant Complaint pursuant to 28 U.S.C. § 1915(e), the Court issued the Opinion and Order Plaintiff now seeks to have reconsidered. (ECF Nos. 23, 24.) There, the Court dismissed with prejudice Plaintiff's Complaint against Germadnig, Arkush, and ICC&C on the basis of *res judicata*, (*see* Opinion at 4–6), and dismissed Plaintiff's claims against the Ocean County Defendants for failure to state a claim, (*see id.* at 6–7), noting that other legal principles such as the *Rooker-Feldman* doctrine and quasi-judicial immunity likely precluded Plaintiff's claims against the Ocean County Defendants, as well (*see id.* at 7 n.7).

On September 14, 2024, over eight months after the Court issued the Opinion and Order, Plaintiff filed the instant 145-page Motion, (ECF No. 25), seeking reconsideration of the Opinion and Order on eight separate grounds and to have this case reopened and reassigned to a different judge.

II.     **LEGAL STANDARD**

Reconsideration is an "extraordinary remedy" to be granted "sparingly." *United States v. Coburn*, No. 19-120, 2022 WL 874458, at *2 (D.N.J. Mar. 23, 2022) (quoting *NL Indus. Inc. v.*

*Com. Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996)). "The purpose of a motion for reconsideration . . . is to correct manifest errors of law or fact or to present newly discovered evidence." *Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 251 (3d Cir. 2010) (quotation marks omitted) (quoting *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). To succeed on a motion for reconsideration, a movant must show "(1) an intervening change in the controlling law; (2) new evidence that was not available when the court issued its order, or (3) the need to correct a clear error of law or prevent manifest injustice." *Gibson v. State Farm Mut. Auto. Ins. Co.*, 994 F.3d 182, 190 (3d Cir. 2020) (citing *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010)).

Pursuant to Local Civil Rule 7.1(i), a party may move for reconsideration within fourteen days of an entry of order or judgment on the original motion. The party must "set[] forth concisely the matter or controlling decisions which the party believes the Judge has overlooked." *See* L. Civ. R. 7.1(i). "The word 'overlooked' is the operative term in the Rule." *Bowers v. Nat'l Collegiate Athletic Ass'n*, 130 F. Supp. 2d 610, 612 (D.N.J. 2001) (citing Allyn Z. Lite, New Jersey Federal Practice Rules 30 (2001)). A motion for reconsideration does not entitle a party to a second bite at the apple, and reconsideration is inappropriate when a party merely disagrees with a court's ruling or when a party simply wishes to re-argue its original motion. *Sch. Specialty, Inc. v. Ferrentino*, No. 14-4507, 2015 WL 4602995, *2–3 (D.N.J. July 30, 2015); *see also Florham Park Chevron, Inc. v. Chevron U.S.A.*, 680 F. Supp. 159, 162 (D.N.J. 1988).

### III.    **DISCUSSION**

Plaintiff's Motion is clearly untimely. *See* L. Civ. R. 7.1(i) ("[A] motion for reconsideration shall be served and filed within 14 days after the entry of the order or judgment on the original

motion by the Judge . . .").[1] Plaintiff filed the Motion over eight months after this Court's Opinion and Order was issued.[2] Indeed, "[t]his Court may deny a motion for reconsideration for the sole reason that its filing was untimely." *Gillespie v. Newark Bd. of Educ.*, No. 21-18990, 2024 WL 4867025, at *2 (D.N.J. Nov. 22, 2024); *see also Johnson v. Orr,* 739 F. Supp. 949, 950 (D.N.J. 1989) (denying motion for reconsideration filed eight months late as untimely). Plaintiff set forth no facts regarding his delay in filing this Motion, and while Plaintiff proceeds *pro se*, he "is not exempt from procedural rules or the consequences of failing to comply with them." *Jones v. Sec'y Pennsylvania Dep't of Corr.*, 589 F. App'x 591, 593 (3d Cir. 2014). Thus, the Motion is **DENIED** as untimely.

---

[1] Even assuming Federal Rule of Civil Procedure ("Rule") 59(e) applied, the motion is still significantly untimely. *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.") The same is true of Federal Rule of Civil Procedure 60(b). *See* Fed. R. Civ. P. 60(c) ("A motion under Rule 60(b) must be made within a reasonable time . . ."); *Liguori v. Allstate Ins. Co.*, No. 14-636, 2015 WL 71384, at *2 (D.N.J. Jan. 6, 2015) (noting "courts have generally granted relief from final judgments *where the delay was limited to one to two months in duration*" (emphasis added)). The Court observes that Federal Rule of Civil Procedure 60(c) sets an outer-bound deadline of one year from the entry of judgment or order for Rule 60(b) motions brought for reasons outlined in Rule 60(b)(1)–(3). *See* Fed. R. Civ. P. 60(c); Fed. R. Civ. P. 60(b)(1)–(3) (covering Rule 60(b) motions brought for the following reasons: (1) "mistake, inadvertence, surprise, or excusable neglect"; (2) "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)"; and (3) "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party"). Beyond a conclusory citation to Rule 60(b) in the "Legal Standard" section of his Motion (*see* Motion at 5), Plaintiff's Motion does not substantively address any of the grounds outlined in Rule 60(b)(1)–(3).

[2] The Court notes that a review of the docket reveals that notice of the Court's Opinion and Order was electronically mailed to Plaintiff, pursuant to his "Consent & Registration Form to Receive Documents Electronically" (ECF No. 17), at the e-mail address on record, zia@myarpp.com, upon the Opinion and Order being docketed on January 10, 2024. *See Andriani v. City of Hoboken*, No. 11-6707, 2012 WL 5405325, at *1 (D.N.J. Nov. 5, 2012) ("[E]lect[ing] to receive service of documents through the Court's electronic filing system[,] waive[s] [*pro se* Plaintiff's] right to receive notice by first class mail.") As a courtesy to *pro se* Plaintiff, the Court also ordered the Clerk of the Court to mail a copy of the Opinion and Order to Plaintiff by regular U.S. mail. (Order at 1.) For months, Plaintiff remained silent. On September 11, 2024, the Clerk of the Court filed a notice on the docket indicating that the mailed copy of the Opinion and Order to Plaintiff's address was returned as undeliverable. (ECF No. 24.) Despite purportedly not receiving the mailed copy, it is clear to the Court that Plaintiff successfully received the electronic copy of the Opinion and Order back in January, as even without the mailed copy, Plaintiff was able to file the instant 145-page Motion directly addressing the Opinion and Order.

Even if the Court were to find that Plaintiff's Motion was timely, it would still be denied as lacking any merit. Plaintiff sets forth eight grounds for reconsideration: (i) "the Court misapplied the doctrine of *res judicata*;" (ii) "the *sua sponte* dismissal with prejudice violated due process;" (iii) "the Court's analysis of claims against [the] Ocean County Defendants [was] flawed;" (iv) "the dismissal [] contain[ed] factual errors and mischaracterizations;" (v) "the case should be reopened and reassigned to a different judge;" (vi) there has been a "pattern of judicial misconduct against a Muslim *pro se* Plaintiff;"[3] (vii) "Plaintiff should be permitted to file an Amended Complaint;" and (viii) "the serious nature of Plaintiff's allegations warrants full consideration." (*See* Motion at 5–9.)

None of these grounds point to "an intervening change in the controlling law" or "new evidence that was not available when the court issued its order," *see Gibson*, 994 F.3d at 190, leading the Court to conclude Plaintiff seeks reconsideration based on "the need to correct a clear error of law or prevent manifest injustice." *Id.* The Court finds that Plaintiff's arguments—which

---

[3] To the extent Plaintiff's Motion can be construed as seeking this Court's recusal, that request is denied. Under 28 U.S.C. § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a); 28 U.S.C. § 455(b)(1) (stating a judge should also recuse "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding"). While Plaintiff suggests he has a "pending" ethics complaint against this Court (Motion at 8), his very first exhibit attached to the Motion indicates—by Plaintiff's own admission—that the ethics complaint was dismissed. (*See* Motion at 14 (Plaintiff "writ[ing] to express [his] deep disappointment with [the] dismissal of [his] ethics complaint against Judge Robert Kirsch")); *see also Prall v. Bocchini*, No. 10-1228, 2011 WL 3651345, at *4 (D.N.J. Aug. 19, 2011) ("[R]ecusal is not required in this instance simply because [Plaintiff] has initiated litigation against this Court (noting [Plaintiff's] judicial ethics complaint)").

Further, Plaintiff's allegations regarding this Court's recusal amount to being dissatisfied with this Court's rulings and lobbing conclusory and baseless allegations regarding this Court's purported biases. (*See, e.g.*, Motion at 8 (noting this Court's "pattern of rulings against Plaintiff" as a basis for its request for recusal); *id.* (claiming in a conclusory manner that this Court has "a systemic bias that goes beyond mere legal error").) These are not proper grounds for recusal. *See Mondelli v. Berkley Realty Partners No. 244, LLC*, No. 08-1582, 2008 WL 3843268, at *5 (D.N.J. Aug. 14, 2008), *aff'd sub nom. In re Mondelli*, 349 F. App'x 731 (3d Cir. 2009) (noting an "erroneous" judicial ruling "do[es] not provide a basis for recusal, but [is] rather more appropriately grounds for appeal" (citations omitted)); *Hill v. Carpenter*, 323 F. App'x 167, 170 (3d Cir. 2009) (affirming "opinions" and "conclusory allegations" do not support a motion for recusal).

amount to disagreeing with how this Court went about arriving at its decision—do not warrant this Court undertaking a reconsideration of the Opinion and Order. *See Rich v. State*, 294 F. Supp. 3d 266, 272 (D.N.J. 2018) ("A court commits clear error of law only if the record cannot support the findings that led to the ruling" (internal quotations omitted)); *ABS Brokerage Servs., LLC v. Penson Fin. Servs., Inc.*, No. 09-4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010) ("[A] party must do more than allege that portions of a ruling were erroneous in order to obtain reconsideration of that ruling"). Further, the Court already explained why dismissal with prejudice was appropriate here, (*see* Opinion at 4 n.4, 5), and despite Plaintiff's contention otherwise, the Court "full[y] consider[ed]" Plaintiff's Complaint prior to dismissing it with prejudice. (*See* Motion at 9.)

Therefore, **IT IS** on this 7th day of January, 2025, **ORDERED** that:

1. The Clerk's Office is directed to reopen this matter for consideration of Plaintiff's Motion (ECF No. 25);

2. Plaintiff's Motion (ECF No. 25) is **DENIED**;

3. The Clerk's Office is directed to **TERMINATE** the Motion pending at ECF No. 25;

4. The Clerk's Office is directed to **CLOSE** this matter; and

5. The Clerk's Office shall serve on Plaintiff by regular U.S. mail this Memorandum Order to his address of record.

_____
**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**