NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ZIA H. SHAIKH,<br><br>Plaintiff,<br><br>v.<br><br>SETH AKRUSH, *et al.*,<br><br>Defendants. | Civil Action No. 19-20597 (RK) (JTQ)<br><br>**MEMORANDUM ORDER** |

      **THIS MATTER** comes before the Court upon *pro se* Plaintiff Zia H. Shaikh's ("Plaintiff") Second Motion for Reconsideration (ECF No. 27), seeking reconsideration of this Court's denial of his first Motion for Reconsideration (ECF No. 25), which the Court denied as untimely (ECF No. 26). The Court has considered Plaintiff's submission and resolves the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1.

      To succeed on a motion for reconsideration, a movant must show "(1) an intervening change in the controlling law; (2) new evidence that was not available when the court issued its order, or (3) the need to correct a clear error of law or prevent manifest injustice." *Gibson v. State Farm Mut. Auto. Ins. Co.*, 994 F.3d 182, 190 (3d Cir. 2020) (citing *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010)). Plaintiff's Second Motion for Reconsideration does not address the Court's reason for denying his first Motion for Reconsideration—timeliness. Rather, Plaintiff rehashes many arguments in his first Motion for Reconsideration (*see, e.g.*, ECF No. 27 at 8 ("*Res judicata* analysis requires revision")), and vaguely alleges that "new evidence" pertaining to an "NJ Board of Social Work Examiners Consent Order" compels reconsideration, (ECF No. 27 at 6), without indicating when this "new evidence" was discovered or why this "new evidence"

trumps Plaintiff's significant untimeliness of eight months in filing his first Motion for Reconsideration.

Therefore, **IT IS** on this 13th day of January, 2025, **ORDERED**:

1. Plaintiff's Second Motion for Reconsideration (ECF No. 27) is **DENIED**;

2. The Clerk of Court is directed to **TERMINATE** the Motion pending at ECF No. 27; and

3. The Clerk of the Court is directed to mail a copy of this Memorandum Order to Plaintiff's address on record by regular U.S. mail.

**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**